[Civ. No. 2470.  Second Appellate District, Division One.—November 17, 1919.]

ELSIE D. MacINTOSH, Respondent, v. THE CHICAGO ELECTRIC MOTOR CAR CO. (a Corporation), Appellant.

[1] Action for Reasonable Value of Work and Materials—Amount Due—Evidence—Finding.—In this action to recover the reasonable value of work and labor done and materials furnished at the defendant's special instance and request, the evidence was insufficient to support the finding of the trial court as to the amount of defendant's indebtedness to plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank W. Wheeler for Appellant.

Perry F. Backus for Respondent.

SHAW, J.—In this action the court found that defendant was indebted to plaintiff for the reasonable value of work and labor done and materials furnished at the defendant's special instance and request, in the sum of $679.26. In accordance with such finding, judgment was rendered for plaintiff, from which defendant appeals, claiming the finding is not supported by the evidence.

[1] Testimony was received tending to prove that plaintiff, at defendant's request, repaired an electric car, the reasonable value of which service was $350; upon another car, put in new spring bolts and glass, the value of which was $5.25; and furnished garage service of the value of $81.60, making a total of $436.85. In addition to this testimony, plaintiff introduced no evidence other than some memoranda made upon loose sheets of paper, duplicates of which were sent to defendant after it had gone out of business, and which memoranda were made at or about the dates shown thereon. No proof whatever was made that the so-called charges therein appearing were reasonable, nor any explanation made as to the meaning of the entries, without which they were wholly unintelligible. The memoranda are headed: "Chicago Electric Motor Car Co., 3612 S. Morgan Street, Chicago, Illinois"; and among other like entries therein is the following: "Nov. 1, 7 Hub odometers, held for credit, $20.00, 140.00." This item and charge, without suggestion or statement of its meaning, was by the court included as a part of the indebtedness found due to plaintiff. It is impossible to understand why defendant should be charged $140 for seven hub odometers which plaintiff holds for defendant's credit. There is no evidence whatever that defendant is indebted in the sum named for the odometers, to plaintiff. Indeed, we are justified in assuming they were by defendant consigned to plaintiff, who

held them subject to the former's order. Another item, likewise under date of November 1, 1914, is: "Toilet case and vase shortage on Model 142, shipped in Dec., $17.00," with the notation, "Mr. Penrose Reed can tell you about it." Another charge included in the amount found due by the court is, under the head of "Advertising under contract," $101.98. There is no finding that any contract existed under which plaintiff was authorized to charge defendant any sum for advertising. Neither is there any allegation in the complaint that plaintiff expended any money for and on behalf of defendant. In short, in the jumbled record, a large part of which appears to relate to another action upon a promissory note, brought by a plaintiff other than a party to this suit and against defendants one of whom is a stranger to this action, we find no legal proof whatever that defendant is indebted to plaintiff in any sum other than the $436.85, notwithstanding which fact the court, upon such unwarranted finding, has rendered judgment for $679.26. The finding is not supported by the evidence, and the judgment is, therefore, reversed.

Conrey, P. J., and James, J., concurred.